JAMES A. MARISSEN (SBN: 257699)
jmarissen@grsm.com
RACHEL A. WEITZMAN (SBN: 307076)
rweitzman@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 255-6996
Facsimile: (949) 474-2060

Attorneys for Plaintiff
MSC MEDITERRANEAN SHIPPING COMPANY S.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MSC MEDITERRANEAN SHIPPING COMPANY S.A., <br><br> Plaintiff, <br><br> v. <br><br> BNSF RAILWAY COMPANY, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT** |

Plaintiff MSC MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC"), by counsel, for its Complaint against BNSF RAILWAY COMPANY ("BNSF"), alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, as well as 28 U.S.C. § 1331, since this case arises in admiralty and is governed, in whole or in part, by the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note, formerly 46 U.S.C. § 1300 et seq. ("COGSA").

2. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to MSC's claim occurred in this judicial district. Venue is also proper in this judicial district under 49 U.S.C. § 11706(d)(2) as the movement of the cargo at issue originated in this judicial district.

4. Venue is also proper in this judicial district as BNSF operates, controls, leases, or owns a railroad or a route within this judicial district and therefore resides within this judicial district within the meaning of 28 U.S.C. § 1391(c)(2). Finally, venue is proper in the United States District Court for the Central District of California in accordance with BNSF's Intermodal Rules and Policies, located at https://www.bnsf.com/bnsf-resources/pdf/ship-with-bnsf/intermodal/intermodal-r-and-pg.pdf, pursuant to Item 28.6 as the shipment originated in this judicial district.

**PARTIES**

5. Plaintiff MSC was and is a foreign corporation organized and existing under the laws of Switzerland with its principal place of business located at 12-14 Chemin Rieu, 1208, Geneva, Switzerland and at all relevant times was and is doing business as an ocean transportation common carrier in the United States.

6. Defendant BNSF was and is a corporation organized and existing under the laws of the state of Delaware, with a main office located at 2650 Lou Menk Drive, Fort Worth, Texas, 76131-2830, and is primarily engaged in the freight-rail-transportation business as a common carrier of goods by rail for hire, with an agent for service of process in this judicial district.

**FACTS**

7. On or about February 23, 2023, MSC, acting as a vessel-owning common carrier, issued MSC Bill of Lading No. MEDUU9624773 ("MSC Bill") for the shipment of portable power generators ("Cargo") loaded in container no.

MSDU4668549 ("Container") from Yantian, China to Chicago, Illinois, via the Port of Los Angeles.

8. Pursuant to the MSC Bill, MSC undertook to transport (or arrange for transportation of) the Container from Yantian, China to Chicago, Illinois, via the Port of Los Angeles. MSC carried the Container from the Port of Yantian, China to the Port of Los Angeles, and then tendered the Container to its subcontractor, BNSF, for the portion of the shipment from Los Angeles, California to Chicago, Illinois.

9. On or around February 23, 2023, the Container departed Yantian, China and arrived in the Port of Los Angeles on or around March 12, 2023.

10. BNSF accepted the Container in Los Angeles, California, and, in consideration of certain agreed freight charges thereupon paid, BNSF agreed to transport and carry said the Container from Los Angeles, California to Chicago, Illinois, there to be delivered in like good order and condition at the BNSF Chicago Rail Ramp.

11. On or around March 17, 2023, the Container was loaded onto a BNSF train in the Port of Los Angeles and it arrived at the BNSF Rail Ramp and was unloaded in Chicago, Illinois on March 24, 2023. Whilst in the custody and possession of BNSF, the Cargo was pilfered ("Incident").

12. The owner of the Cargo under the MSC Bill subsequently made a claim for the pilfered Cargo to its cargo insurers, Zurich American Insurance Company ("Zurich"), which Zurich paid.

13. On March 29, 2024, Zurich filed an action in the United States District Court for the Central District of California against MSC (the "Action") for the pilfered Cargo inside the Container (the "Claim"). The total damages claimed were US$140,781.53, plus interest and costs.

14. As a result of the Incident, BNSF failed to make delivery of the Cargo in like good order and condition.

15. BNSF's failure to deliver the Cargo and/or failure to deliver the Cargo in like good order and condition was in violation of the obligations and duties of common carriers of merchandise by rail for hire, including BNSF's failure to perform services with respect to the Container as well as the Cargo in a careful, workmanlike matter; its failure and/or negligence to properly inspect, supervise, and safeguard the Container and Cargo; and its failure to hire and train employees.

16. Due to BNSF's failure to deliver the Cargo in like good order and condition, MSC attracted liability under the MSC Bill for Zurich's Claim (as BNSF was MSC's subcontractor for the rail leg of the shipment). MSC resolved Zurich's Claim and the Action for US$104,633.00 and paid that sum on May 17, 2024.

17. In accordance with BNSF's Intermodal Rules and Policies, MSC filed a claim with BNSF for the pilfered Cargo.

18. BNSF declined MSC's claim related to the pilfered Cargo on September 21, 2023.

19. As such, as of the date of this filing, BNSF has failed to pay or otherwise satisfy any portion of MSC's claim.

20. MSC is informed, believes and thereon alleges that the damage sustained to Zurich, which MSC was required to pay in settlement of the Claim and Action, was not based on the acts or omissions of MSC, but was due solely to the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF.

21. Consequently, MSC is entitled to recover damages from BNSF in an amount to be proven at trial (but not less than US$104,633.00) plus interest and costs.

**FIRST CAUSE OF ACTION**

**EQUITABLE INDEMNIFICATION**

22. MSC incorporates paragraphs 1 - 21 as though fully set forth herein.

23. MSC is informed and believes and thereon alleges that it is in no way responsible for the losses or damages which Zurich alleged against MSC. Rather it was the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF which caused the losses or damages which Zurich alleged in the Claim and the Action against MSC and which MSC settled.

24. As MSC settled Zurich's Claim and the Action for US$104,633.00, MSC now alleges that the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein was active, primary, and affirmative, and that any negligent or other actionable conduct or activity on the part of MSC, if any, was at most only passive, derivative, and secondary.

25. MSC is entitled to total equitable indemnification from BNSF such that MSC can recoup from and be reimbursed by BNSF all sums that MSC paid to Zurich and/or its other damages.

26. As a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein, MSC has incurred and paid expenses for its defense of Zurich's Claim and Action including, without limitation, attorneys' fees, expenses, and damages. MSC will also incur future attorney's fees, court costs, expenses and damages throughout the pendency of this action.

27. Based on the foregoing, MSC is entitled to be indemnified and held harmless by BNSF for MSC's attorneys' fees, court costs, expenses, and damages that MSC has paid or incurred as a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein. The above expenses are continuing and in an amount presently unknown to MSC. Accordingly, MSC prays for leave to amend this Complaint to assert the true amount of such expenses when MSC has ascertained the same.

-5-
COMPLAINT

## SECOND CAUSE OF ACTION
## CONTRIBUTION

28. MSC incorporates paragraphs 1 - 27 as though fully set forth herein.

29. MSC is informed and believes and thereon alleges that it is in no way responsible for the losses or damages which Zurich alleged against MSC. Rather it was the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF which caused the losses or damages which Zurich alleged in the Claim and the Action against MSC, and which MSC settled.

30. As MSC settled Zurich's Claim and the Action for US$104,633.00, MSC now alleges that the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein was a substantial factor causing the losses or damages which Zurich alleged in the Claim and the Action against MSC, and which MSC settled.

31. Based on the foregoing allegations, MSC will be damaged to the extent that it was required pay any sums over its proportionate share of liability, if any, as the trier of fact may assess.

32. MSC is entitled to contribution from BNSF such that MSC can recoup from and be reimbursed by BNSF all sums that MSC paid to Zurich, being any sum in excess of MSC's proportionate share of liability, if any.

33. As a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF as described herein, MSC has incurred and paid expenses for its defense of Zurich's Claim and Action including, without limitation, attorneys' fees, expenses, and damages. MSC will also incur future attorney's fees, court costs, expenses and damages throughout the pendency of this action.

34. Based on the foregoing, MSC is entitled to contribution from BNSF for MSC's attorneys' fees, court costs, expenses, and damages that MSC has paid or incurred as a direct, legal and proximate result of the acts, omissions, fault,

negligence, misconduct or other actionable activity of BNSF as described herein. The above expenses are continuing and in an amount presently unknown to MSC. Accordingly, MSC prays for leave to amend this Complaint to assert the true amount of such expenses when MSC has ascertained the same.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

35. MSC incorporates paragraphs 1 - 34 as though fully set forth herein.

36. MSC and BNSF entered into a transportation contract, pursuant to which BNSF agreed to transport and deliver the Container and Cargo in the same good order and condition in which it received them.

37. Relevant aspects of the transportation contract's terms are set forth in BNSF's Intermodal Rules and Policies, which can be found at https://www.bnsf.com/bnsf-resources/pdf/ship-with-bnsf/intermodal/intermodal-r-and-pg.pdf.

38. MSC is informed and believes and thereon alleges that it is in no way responsible for the losses or damages which Zurich alleged against MSC. Rather it was the acts, omissions, fault, negligence, misconduct or other actionable activity of BNSF which caused the losses or damages which Zurich alleged in the Claim and the Action against MSC, and which MSC settled.

39. BNSF took possession and control of the Container and Cargo in good order and condition in Los Angeles, California.

40. BNSF breached the transportation contract by failing to deliver the Container and Cargo in Chicago, Illinois in the same good order and condition as received.

41. Based on BNSF's breach of the transportation contract, MSC is entitled to damages from BNSF for MSC's attorneys' fees, court costs, expenses, and damages that MSC has paid or incurred as a direct, legal and proximate result

of BNSF's breach of the transportation contract as described herein in an amount to be proven at trial (but not less than US$104,633.00) plus interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** MSC prays for judgment on its Complaint as follows:

1. For equitable indemnity from BNSF for all costs, fees, expenses, liability, damages, and sums including US$104,633.00 in damages MSC paid Zurich, together with legal defense costs, and all costs and fees that MSC incurs or has incurred in this action;

2. For contribution from BNSF for all costs, fees, expenses, liability, damages, and sums including US$104,633.00 in damages MSC paid Zurich, together with legal defense costs, and all costs and fees that MSC incurs or has incurred in this action, in excess of MSC's proportionate share of liability, if any;

3. For damages from BNSF for breach of contract for all costs, fees, expenses, liability, damages, and sums including US$104,633.00 in damages MSC paid Zurich, together with legal defense costs, and all costs and fees that MSC incurs or has incurred in this action;

4. For prejudgment interest as permitted by law;

5. For all costs of suit herein as permitted by law;

6. For reasonable attorney's fees incurred as permitted by law; and

7. For such other and further relief as the Court deems just and proper.

Dated: June 20, 2024

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ *James A. Marissen*
James A. Marissen
Rachel A. Weitzman
*Attorneys for Plaintiff*
MSC MEDITERRANEAN SHIPPING COMPANY S.A.